1152 Clearplay, Inc. v. Customplay, Inc. Mr. Tucker Thank you, Your Honor. May it please the Court. Although we addressed a lot of issues in our briefing, I want to simplify it down to a single issue that I believe is the dispositive issue in this case, and that is the claim construction. More particularly, it's what is a navigation object. We have repeatedly argued that the claims themselves are very clear on what a navigation object is. If we look at the claims, and the same similar language is used in both patents, but in each case there are three elements. A start position or a start indicator, they mean the same thing. A stop position or an end indicator, again, they mean the same thing. And a filtering action. Those three elements must be defined. If you don't have all three elements, you don't have a navigation object. Is it your position that for the navigation object limitation, there are sub-limitations, each of which have to be met in order to get the navigation object? That is true. If you don't have all three of those elements, you do not have a navigation object. That is correct. The claims themselves are very clear on that point. What I want to point out and emphasize is that start and stop or end, those are critical words. They're in there for a reason. They mean something very specific. What they don't simply mean is the start and end of a portion of content, although they do accomplish that. But their primary goal is that they define when to start and stop a filtering action. That's why you have the filtering action defined in conjunction with the start and the stop position. Just to paint a picture for you of how this works, as you're decoding the video content, you're looking at where you are in the video and comparing where you are to the start indicator or start position in a navigation object. There may be multiple navigation objects. But you find that you've reached a point where a navigation object applies, and that's by identifying that your current position matches that start position. At that point, you're triggering that filtering action. Right, but Malkin has a filtering action, correct? Yes. And Malkin says one way you can figure out where to apply this filtering action is to look at a video map, right? The video map comes from Abacasis, not Malkin. That's what I'm saying, but Malkin actually refers to the video map, right? As a possible way. I would disagree with you on that point. I believe Malkin does reference Abacasis as a prior art way of filtering, but Malkin's way of filtering is entirely different from Abacasis. Let me reemphasize that start and... Why does it matter that the way of filtering is different? That's what we're claiming. The what is not what we're claiming, it's the how. Filtering is done in a lot of different ways. In these cases, we're looking at three different ways. The navigation object way... What specific way of filtering are you claiming, other than that you begin your filtering at the start place and you end at the end place? What Clearplay does is they provide these navigation objects. Then they have the decoder that knows how to use them. That's how they do it. During the playback process, it's accessing the navigation object to determine when to start a filtering action, which filtering action to apply, and when to stop it. That's those three elements that I mentioned. To move on to how Abacasis does it, we've referred to this as selective retrieval. It would always play. The video map is defining multiple pathways through those segments. One that may include explicit content, one that has implicit content, one that has nothing objective. There are lots of start and stop positions in Abacasis, right? There are not any... All the boundaries. That's the key thing I want to emphasize here. There is a critical distinction. It's subtle, but it's critical. The start and stop position do not define the beginning and ends of a portion of content. Let me rephrase that. They do, in essence, define that. More importantly, they define when to start a filtering action and when to stop a filtering action. Not Abacasis. Abacasis doesn't do that. That's what I mean. That's what I said. Abacasis defines markers. I mean, it's a map. Yes. It's sort of like a map of the states of the United States and boundaries. One of the boundaries. Those can be perceived if what you're trying to do is to excise, limit certain content, which is what Abacasis is there for. It doesn't actually claim the filtering action itself, but it recognizes that an action can be taken on the map to delete or to edit things, right? That is correct. So the boundaries are there. The boundaries of, yes, segments are defined. If Abacasis went on, the reference itself refers to an action being taken later to use the map to perform the function that your patent does, right? Well, the way that I would look at this is, again, it's selective retrieval. All I'm saying is that if Abacasis itself actually said, claimed a filtering action to select out certain content from the boundaries, then there would be anticipation, right? I would submit that it's hard to even look at it that way because they work so entirely differently. Why? Why would the fact that's my... Let me explain that. Why does the fact that it works differently matter? Okay, so let's assume that we can equate the beginning and ending frames of an Abacasis segment with the start and stop position of a navigation object. If we assume that, then based on the definitions in the claims, we would start the filtering action at the beginning frame and end it at the end frame. In essence, if the filtering action is a skip, skipping over that entire segment. That's not how Abacasis works because by definition, it only retrieves segments that it will play. Again, if you're looking at video being played back, in Abacasis, it would look at this map and say, I need to grab segment number one. From an anticipation point, I agree with you. From an audience point of view, if it teaches what you want to play, it also teaches what you don't want to play. Isn't the real part of your argument here, it's that the reason it has to be starting the filtering mechanism and stopping the filtering mechanism is because it also defines the filtering mechanism, which in your patent could be any number of mechanisms. That is correct, yes. It could be a skip, it could be a mute. So in other words, if we only were ever talking about a skip mechanism, then it might be a more difficult argument for you. I would disagree with that. It does not matter. It could always be a skip. It's the fact that you're defining when to start that skip and when to stop it. Again, this is a separate data structure. It looks entirely different than this video map. They're entirely different. A video map is a ... It'd be a huge number in segments in a real example. It would have links between those segments. All it's doing is saying, play this pathway through the video map. Get segments one, two, five, six, seven, on and on and on, instead of other segments that may possibly have objectionable content in it. It's just telling which ones to go retrieve from the DVD. In contrast, with a navigation object, you're going to stream the content or read the content to the decoder, and it's going to come in, in series, and you're going to get to a point where you say, I need to actively do something. What is that something? When do I do it, and for how long? That's all determined by this separate navigation object. The decoder is looking at the navigation object to determine all of those things during the decoding process. In contrast, in Abacasis, everything's done up front to decide which ones do I retrieve, and I will only play those once. The key argument, again, is that the beginning and ending frames of a segment have nothing to do with a start and stop indicator of a navigation object. Why? Let me go back to the clamp construction. They have nothing to do with it. Where did the board go wrong on that? If you don't have a beginning and an end, then you don't have the structure that you're talking about. A beginning and an end frame have nothing to do with a filtering action, nor would they ever have anything to do with a filtering action, because you would never filter a segment that's been retrieved for play. In other words, if you've reached the point of a beginning frame... Don't they define what it is you're going to filter? Based on the selective retrieval process, if you reach the point where you're at a beginning frame of a segment, you're going to play that entire segment. You would never want to filter, because the fact that you retrieved it, by definition, means there's nothing in there that the viewer has said that they don't want to see. In contrast, if it had been a... We're not talking about trying to combine methods here. Maybe I'm simple-minded, but the way I saw what was happening at the board level, they said, you've got your navigation structure, it's got three things. It's got a starting point, an ending point, and a filtering action. They look at advocacies and they say, we see in the map defining starting points and ending points. If they're right about that, that's what they see. Then they say, but there's no filtering action. It contemplates a filtering action, but there's none in claim, so it's not a 102. Then they go and they look at the next reference, and they say, well, Malkin teaches a filtering action, which I think everybody agrees it does. The board said, we wouldn't want an ordinary skill in the art who is trying to accomplish what you're trying to accomplish here. In order to get this one piece of structure, which is all we're talking about, would they have combined the filtering action from Malkin with the boundaries in advocacies? Why wouldn't they? Why would an ordinary skill in the art not make that combination? There's no question that the art is not analogous. The art's analogous. That leads into our piecemeal analysis argument. To me, that's not too simple-minded, and that's the way, as I understood it, that Judge Grossman wrote his opinion, saying this is what we have in front of us. Does a start position define a beginning of a portion of content, or does it define when to start a filtering action? That is the critical issue. What did the claim say? What does start mean? Does it mean- In your patent, clearly it does. Yes. Yeah, because that's what you do. Could you, would one of ordinary skill in the art be able to use the learning from advocacies coupled with the learning from Malkin to do what you do? The board said, yes, one of ordinary skill in the art would be inclined to do that. In fact, the references point to each other and tell you to get together. You've got to help me, because I'm not certain, I think, I may not appreciate, and I don't mean this in a pejorative way, I may not appreciate the delicacy of the point I think you're trying to make. So we don't even have to get to the issue of combining references, because the board never proved that there was a start position in the prior art. That's our argument. The beginning frame of a segment is not a start position, because it does not define when to start a filtering action. Now I agree with you that if you start looking at the elements of a navigation object in isolation, it's very easy to find things that look the same. That's where the board went wrong. You cannot dissect a navigation object and retain its meaning. If it's a start position to perform an act, right, then you would, one would sensibly start it at, you would start the act at the starting position. If the start division is defined as that place where you begin something, and then you add the thing, the act that you're going to do, you would start it then, not start it someplace else. And you're describing clear place technology, but not abacassises. That's not how abacassis works. What is it about vidangel that's different from abacassis? You say it's different in your brief, but you don't really explain how. Well, I would submit that that is actually irrelevant to this case, but to answer your question, vidangel, they knocked off clear play. We filed a suit. They changed their code slightly to obscure what they were doing. They're still doing the same thing. What they have done is instead of using multiple navigation objects, they've combined it into two separate structures, a skip navigation object structure and a mute navigation object structure. So what they've done is made the filtering action inherent in the structure. If you put all the skip, start, and stop indicators in a single structure, you don't have to explicitly define a skip, but by virtue of it being the skip data structure, it knows that it's doing a skip. And then by virtue of the mute, so it still is doing exactly the same thing. They just got tricky with their code to try and get around our infringement claim. Okay. Got it. Hey, let's hear from the other side. We'll save you some rebuttal time. Mr. Tucker. Mr. Carey. Good morning, your honors. May it please the court. Clear play is suggesting that its appeal rests on disputing the claim construction adopted by the board, but before the board, clear play did not offer any claim constructions whatsoever. And clear play in its response and throughout the entire proceeding, affirmatively stated that it does not disagree with the board's claim constructions. So again, they offered no claim construction before the board. They said in writing in their response- What they're really saying is that we didn't disagree with the basic words that the board used. We had no idea that the board would interpret its own language in the way that it did. Your honor, I disagree with respect to what they're trying to argue here on appeal. They are arguing for a different claim construction than what the board adopted and used. And the problem is, is that I can't imagine a stronger case for waiver of that. Didn't they say in the hearing that we're with you on your claim construction so long as you understand that we've got this wind issue? The only claim construction issue that they ever advanced before the board has nothing to do with the appeal. It had to do with, they asked for a clarification as to whether the start and stop positions could be the same value or whether they had to identify two different positions. And the board actually ended up clarifying that it agreed with them on that. And that has nothing to do with any issue on appeal. They affirmatively stated that they didn't disagree with the board's constructions, yet here they are trying to take an appeal of the board's constructions. I respectfully submit that this crosses the line in the frivolousness. There were multiple places in which they said, we don't disagree with the construction as long as you understand that this is our interpretation of your construction. That interpretation had to do with the start and stop being two different points, not the same point. It didn't have anything to do with what they're arguing now. It's not just that it's two different points, it's not just that it's two, but that start has to do something, right? No, they just said that the start and stop can't be the same point, it had to be two different points. That was the only thing that they argued below about claim construction. Let's assume that we don't think there's a waiver. Let's talk about a navigation object. Their argument is that with a navigation object, you have to have sub-limitations within that navigation object. They're not all there. They say that start has to have an affirmative action. You have to do something to actually start the filtering mechanism and define the filtering mechanism. This is the new argument. It's different than abacuses. Because the start and stop that they talk about are nothing but beginning and end points of a piece of content that you're going to filter. That's exactly what abacuses discloses as well. The board found that. Right, but they're saying, they're not emphasizing the where you begin your filtering action. It's the when, as I understand your adversary. Here's where I think, if I may, your honor. Sorry, I'm sorry. You keep pointing over and over and over again, they say in their brief, that the start place defines both where you begin to filter and when you begin to filter. Well, in the context of- They say the end place defines where you stop filtering, but it defines when you stop. Point in time, when. Yes, but in the context of playing a video, when and where are the same thing. When you play a video, it's measured by time code. At point, four minutes, three seconds. Throughout their brief, they emphasize this when point over and over and over again. The start and stop positions are expressed as time codes in the navigation object. When you play video, to get to a where, you designate a when. You designate three minutes, four seconds into the video. That is this point in the video. But then there's also the what. What happens? What does the start do? The what is supplied by the filtering action, not by the start and stop indicators. The start, this is the main issue here. What they're trying to do before this court, which is something they didn't argue in the board, they're trying to add a limitation, to read in a limitation to the start and stop position codes. What limitation are they trying to read in? That isn't in the claims. What is it? They're trying to argue. What is the specific limitation they're trying to read in? I'm going to illustrate that. Just say it in English language. You can speak English language. Of course, Your Honor. What is the limitation? What are the words? They are trying to say that the start and stop position codes themselves have to say what the filtering action is. And the claims don't require that. Where do they say that? That's what he just argued. My colleague just argued that to you. He's saying that the start position is not just a point in the video, it's a point that says do this filtering action at this point. And that's not what the claims say and that's not what they teach. What they're saying is that the navigation object has all of these sub-limitations and unless you satisfy all of them, you don't have a navigation object. Yes. Let me illustrate my point by looking at claim one of the 318 patent. I think this will help illustrate the issue. This is at appendix page 0114. You've got in claim one at line, this is the navigation object, it states at line 64, a start indicator associated with the first position in the multimedia content presentation, an end indicator associated with the second position in the multimedia content presentation. The next limitation is a content descriptor, which is not material here. And then the third one is the filtering action associated with the start and the end indicators. And here it requires the filtering action to be a skip filter action. Now, the board construed the navigation object to be a start position defining a start position in the video, an end position defining an end position in the video, and a filtering action which says what the filtering action is to be applied to the portion of video defined by the start and the stop. So, it's the filtering action element that says what is to be done to the portion of video defined by the start and the stop. Not the start and the stop values themselves. If the start and stop values themselves said what to do, for example, skip from here to here, then you wouldn't have a separate third element for filtering action. It would already be predefined in the start and stop indicator. What they're trying to do is they're trying to add another limitation that's not in the claims to the start and stop positions and say start and stop positions are not just beginning and end frames of a portion of a video. They're trying to say that the start and stop positions have to additionally tell you what to do with that portion of video. But that's wrong because the start and stops don't perform that function. The third element, the filtering action element, says what to do with the portion of the video, not the start and stop indicators themselves. The reason that they're trying to advance this new claim construction is because it's very clear that Abacasis discloses a start and stop of a portion of video that gets filtered. So, they're trying to come up with a distinction with Abacasis. But the distinction that they're arguing wasn't argued below and is not supported by the claims. Let's look at the specification. Let's see how they describe what their start and stop indicators are. For example, at column 4 of the 318, we see here, column 4, it's page 106. I'm sorry, Your Honor? The lines. Yes. Column 4 starts at the paragraph beginning at line 62. It's talking about reading the objects. And it goes on to say in line 65, for DVD multimedia, the position code may be a time code that identifies portions of the multimedia content by hours, minutes, seconds, and frame number. Then it goes on to say the code is compared to the positions in the navigation object. So, the start position is a time code. It's hours, minutes, seconds, frames. It tells you when to start this portion of the video. Now, if you look at a figure, for example, figure 5B, which is shown on appendix page 102. It's just a few pages before the spec reference I just read. So, there you see, here we have a linear layout of a video. We've got a description of 590 as the navigation object. The start is an hour, minute, second frame identifier. That's the start. The stop is another hour, minute, second frame. And the skip filtering action is this totally separate thing called mute, which is labeled number 595 on the figure. So, the start and stop are indicators of a start portion of a video and a stop. The start and stop numbers themselves don't tell you what is to be done on that portion of the video. Only the designation of the third element of the navigation object, only the designation of the filtering action says what to do with that portion of the video. Again, if the start and stop values already told you what to do with that portion of the video, there would be no purpose for having a filtering action be a third element. So, that's where I believe their claim construction is fundamentally flawed, if not waived. And so, they consistently refer to start and stops as being expressed as time codes. Not as time codes plus a filtering action. That's why they have this totally different element of the claim calling for a filtering action. That tells you what to do with that portion of the video described by the start and stop. And I also want to rebut some of the... I hear you talking about what you think they are saying, at least here in argument. But I've got to confess, I guess I need to go back and reread their brief, because I didn't see this in their brief. I see over and over again the emphasis, like at page 9 in their reply brief, that basically the navigation object has a start position which defines when to start the filtering action, not that it defines the filtering action. Well, if that's... Can you point to some place in their brief where you think they're making this argument that they're adding to the start and stop limitations that start and stop have to define the specific filtering action to be taken? That's how I'm interpreting what was just argued by opposing counsel in this presentation. Did you see that in their brief? In the brief? Yes. I see it at page 34 of their opening brief. By the way, on page 34, they make the argument that... There are three paragraphs. Yes, the second paragraph. I'm sorry. They argue here. Again, this is an argument that was not made below, but they argue... It would be in association with a filling. That's what the claim says. Well, hold on a second. No, that's not what the claim says. Let me explain. They are saying here, and this is very nuanced of them, they are saying that the start and stop positions be defined in association with the filtering action. It's not the way the claim reads. In the first line of the second paragraph. They're saying this claim construction... Be defined in association with a filtering action. Right. So if you look at claims... As I say, they consistently say it's not the where. They admit that the start and stop show where, but then they say it's when. Your Honor, if all they're saying is the when, then this is easy, because Abacasis clearly shows time codes just like Clearplay tries to use time codes. Well, that was the point I was trying to make. That's no distinction whatsoever to say we're talking about when, because Abacasis... I mean, the way this works is that we read the briefs very carefully and try to deduce from the briefs what it is an appellant thinks is wrong with the decision below and what your response to that is. And so I don't... You're telling me that this argument that you've spent all your time with the oral argument, you're rebutting an argument you think they're making here on appeal for the first time? I believe this is... I believe I'm addressing what the argument is. And let me add to it. I think what they're trying to argue is that... So you've got a navigation object. It's got to have three things in it. It's got to have a start position, a stop position, and an action to be performed on the portion of video defined by the start and stop position. What I hear ClearPlace saying in this appeal is that the start and stop positions themselves, those information elements of the navigation object, have to, in addition to telling you when and where the video is that you want to manipulate, what to do with it. And what I'm saying is that is completely wrong, because it's not the start and stop elements that tell you what to do with the portion of video. It's the third piece, the filtering action, that tells you what to do with the portion of video. If the start and stops themselves told you what to do with the portion of video, there wouldn't be a purpose for having the filtering action. And it's clear that the start and stop positions don't tell you what to do with the portion of video. There's all sorts of things that can be done with... There are many types of filtering actions. You can skip. You can mute. You can do a reframe. You can blur part of the image out. All sorts of different types of filtering actions can be done on a particular portion of video. And what tells you which action to apply to a particular portion of video isn't the values that tell you what the portion of video consists of. It's the filtering action designator that says, apply a skip to this, or apply a mute to this, or apply a reframe to this, or some other filtering action to this. The start and stop values don't say what to do to the content in between the start and stop values. And that's why their argument is invalid. Any more questions for Mr. Carey? No, no, I'm fine. No more questions? Okay. Thank you. We have your argument, Mr. Carey. Mr. Tucker, you have about four minutes for rebuttal. With all due respect, Mr. Carey has mischaracterized our argument. We're not saying that the start and stop position define anything more than what the claims say they do. Well, that's the big question, right? They define when to start and when to stop the filtering action. Well, wait. I think that his description of your argument is exactly what I read in the reply brief. I'm not sure I read it in the blue brief, but I thought that's exactly what you claimed in the reply brief, that the start action had to also include defining what the filtering mechanism would be. That's not what we're arguing, no. What it does, you can't look at it as just data. If you look at it as just data, it's abstracted to the point that it becomes meaningless, because, yes, it could be simply a timestamp. It's what the decoder understands that it is. Well, was I right to point out over and over again in both your blue brief and in your reply brief, you keep saying what's important about the start and stop positions is they define when the filtering action begins. That's exactly right. That's what I understood you to be saying. And what I said to you when you were standing up here before is I said, why? Why does it matter, the when? Because, as your adversary is saying, is if you want to have an action that you're going to take, and you have a starting position and an ending position to the action, why would you start it at the end position? You would start it at the start position, and you would end it at the end position, if what you're trying to do is to filter that piece of real estate that is embraced within the start and the stop position. That's exactly right. Right, but tell me why the when matters to save your case from an obviousness rejection. Because abacasis does not function at all in that way. Right, it might not function that way, but the question is, does it teach that? In other words, the video map of abacasis does have time stamps, right? And how are they used? What do they represent? That's the real issue. But that's not completely the issue, because the issue is whether you would put that video map together with the filtering mechanism that the board found to exist in a different reference. Yeah, and as we argued in our briefing, if you were to do that, that would imply that you're applying a Malkin fuzzball from the beginning frame of a segment in abacasis until the end frame of that segment. In essence, applying the fuzzball through the entire segment. That makes no sense, because a segment that you would retrieve in abacasis is one that you would play. By definition, it only retrieves segments to play. So, again, we have to look at this in the details. We can't abstract this. That's what the board did. They looked at it at too high of a level. They claimed construction so broad that it reads out the start and stop position, what they mean. Those key words, start, stop. Not start and end of a beginning of a portion. Excuse me, the beginning and ending of a portion. But when you start and when you stop, that associated filtering action. Why would Malkin be applied to the portions of the video map in abacasis that you wanted to keep, as opposed to being applied to the portions of abacasis that you would have otherwise not retrieved? That's my question. Why would you combine these references? They don't work together. They would never work together. When you apply a video map, you only play, you only retrieve and play content that the viewer is all right with seeing. If the viewer says no nudity, you would never retrieve segments that have nudity. You would never even get to the point where you need to apply a fuzzball. There would be no reason ever to do that. Because a beginning and ending frame of a segment have nothing to do with a filtering action. But the start and stop positions that are used to define what it is you want to see can easily be used for what you don't want to see. When what you're trying to do is fill out what you don't want to see. You have a start position and a stop position. I would argue that abacasis doesn't filter in the way that we mean. Meaning it only selectively retrieves what you want to see. Abacasis doesn't filter, period, as a matter of its limitations. It suggests there's going to be a filtering action. And so abacasis does is it tells you here is some real estate. And you can do two things with it. You can either decide you want to look at it or you can decide you want to excise it out. So it creates the starting point and the ending point for filtering actions. If we get back to the claim language. And again, this all goes back to the three elements that are associated. The fact that they're associated is critical. You have to have a filtering action. You agree that they're not associated in the way that your adversary understood. He thought you were saying they were associated. That is correct. I think it boils down to this. If abacasis doesn't need to define a filtering action, why would you ever combine a filtering action with it? It filters or edits without defining filtering actions. Why would you ever add one? It makes no sense. Thank you. Are you satisfied? Yes, I am. Thank you. Thank you. Thank you both. That concludes the argument.